**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
500 W. CAPITOL, ROOM D444
LITTLE ROCK, ARKANSAS 72201-3325
(501) 604-5140
Facsimile (501) 604-5149

**October 30, 2009**

Scott H. Tucker
Friday, Eldredge & Clark, LLP - Little Rock
400 West Capitol Avenue, Suite 2000
Little Rock , AR 72201-3522

      Re: *Qualls v. Union Pacific*, 4:08-CV-00808-WRW.

Dear Mr. Tucker:

When I was first called to the bar in Texarkana, in '65, I appeared before the late Judge John Miller of the Western District of Arkansas.

I was defending an insurance company on some claim. A lawyer from Dallas was representing the plaintiff. The Dallas lawyer found an old Arkansas Supreme Court case which was directly on point in favor of the plaintiff.

Judge Miller heard oral argument, scratched his head, and said, "Mr. Wilson, it looks like this Dallas lawyer has got us."

In view of *Fletcher v. Union Pacific R. R. Co.*, 621 F.2d 902 (8th Cir. 1980), doesn't Mr. Zgourides, "this Houston lawyer," have us?

In seriousness, it appears to me that *Fletcher* is squarely on point for Plaintiff. And, if this is correct, it appears that I have no discretion. At least in the case I had before Judge Miller he could have found that he believed that the Arkansas Supreme Court would not rule the same way if it was before them at the time. While the other circuits that have considered this precise question appear to be on your side, I believe that I am bound to follow the latest statement of the Eighth Circuit, even though the last statement was quite a spell ago.

Do you have any specific authority to the contrary? If not, I will, of course, deny your motion for summary judgement as to the negligent assignment claims. If you think you do have such authority I will re-cerebrate the issue.

It would be a good thing if you could send me a short letter brief, copied to opposing counsel and the clerk, by Monday, November 9, 2009, by 5 p.m.

                                                    Cordially,

                                                  /s/ Wm. R. Wilson, Jr.

P.S. I'm still studying the aggravation claim, and also whether the Eighth Circuit allows damages from within the limitations period for claims otherwise barred.

Original to the Clerk of the Court
cc: Other Counsel of Record